IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| J.A.S., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-244-CDL-CHW |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER,[1] | : | |
| | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Before the Court is Respondent Warden Terrence Dickerson's motion to dismiss (Doc. 5) Petitioner J.A.S.'s application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 5) be **GRANTED** and Petitioner's Section 2241 motion (Doc. 1) be **DISMISSED**. It is further **RECOMMENDED** that Petitioner's motions to appoint counsel (Doc. 1, p. 9) and proceed *in forma pauperis* (*Id.*, p. 12) be **DISMISSED as moot**.

### BACKGROUND

Petitioner, a native and citizen of Cuba, entered the United States on March 28, 1980, as a Lawful Permanent Resident. (Doc. 5-1, ¶ 3). On April 17, 2017, Immigration

---

[1] [T]he default rule [for claims under 28 U.S.C. § 2241] is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official*." Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted). The Clerk's office is **DIRECTED** to change the docket to reflect the Warden of Stewart Detenion Center as the sole appropriately named respondent in this action.

1

and Customs Enforcement ("ICE") placed a detainer on Petitioner following multiple 2014 convictions in the 15th Judicial Circuit for Palm Beach County, Florida. (*Id.*, ¶¶ 4–7). Petitioner was taken into ICE custody on or about April 9, 2018, was charged with inadmissibility under 8 U.S.C. §§ 1227(a)(2)(A)(ii), (a)(2)(B)(i), and (a)(2)(A)(iii),[2] and was then placed in removal proceedings on September 21, 2017. (*Id.*, ¶ 7; Doc. 5-6, p. 1). On August 8, 2018, an Immigration Judge ordered Petitioner to be removed. (Docs. 5-1, ¶ 8; 5-7). Petitioner subsequently filed an appeal which was dismissed by the Board of Immigration Appeals on January 9, 2019. (Doc. 5-1, ¶ 9).

Following the 15th Judicial Circuit's granting Petitioner's request for post-conviction relief, the Department of Homeland Security ("DHS") filed a Motion to Reopen and Terminate the removal proceedings. (*Id.*, ¶ 10). This motion was granted on August 21, 2019. (*Id.*). Petitioner was again convicted later that year, following which the DHS charged him under §§ 1227(a)(2)(A)(ii), (a)(2)(A)(iii), (a)(2)(B)(i), and (a)(2)(C).[3]

---

[2] These statutes provide in relevant part that:
> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable. [8 U.S.C. § 1227(a)(2)(A)(ii)]
>
> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable. [8 U.S.C. § 1227(a)(2)(B)(i)]
>
> Any alien who is convicted of an aggravated felony at any time after admission is deportable. [8 U.S.C. § 1227(a)(2)(A)(iii)]

[3] 8 U.S.C. § 1227(a)(2)(C) provides that
> Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of

(*Id.*, ¶ 12). On November 15, 2019, the Immigration Judge sustained all charges except for § 1227(a)(2)(A)(iii). (*Id.*). On January 9, 2020, Petitioner appeared before an Immigration Judge and withdrew his applications for relief, and the Immigration Judge ordered Petitioner removed to Cuba. (*Id.*, ¶ 13). Petitioner was released from ICE custody on January 21, 2020.[4] (*Id.*, ¶ 14). Petitioner was taken back into ICE custody on March 17, 2025, after ICE officers encountered him at the Coweta County Sheriff's Office.[5] (*Id.*, ¶ 15). ICE determined to continue his detention on or about May 13, 2025. (*Id.*, ¶ 16). Petitioner was still detained as of August 22, 2025—the date of Respondent's motion to dismiss. (*Id.*, ¶ 15).

Petitioner filed this habeas action pursuant to Section 2241 on July 22, 2025. (Doc. 1). On August 22, 2025, Respondent filed a motion to dismiss the petition as premature.

---

<div style="margin-left:2em">attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in <u>section 921(a) of Title 18</u>) in violation of any law is deportable.

8 U.S.C. § 1227(a)(2)(C).</div>

[4] Petitioner asserts that he was released from custody on February 2, 2020, in his Section 2241 petition (Doc. 1, pp. 3, 4, 6), but he appears to concede the January 21, 2020, date of release in his response to Respondent's motion to dismiss. (Doc. 7, p. 2). Petitioner does not offer any evidence in support of a February 2, 2020, release date that refutes Respondent's unsworn declaration under 28 U.S.C. § 1746. For future filings, Respondent is directed to provide the Court with a <u>signed, sworn</u> copy of any affidavit.

[5] Petitioner asserts that he was instead detained by DHS/ICE on March 7, 2025, not March 17, 2025. (Doc. 7, p. 2). He provides three documents that he alleges support this assertion because they are dated either March 7 or March 8, 2025. (Doc. 7-1). A review of these documents contradicts his assertion that ICE assumed custody of Petitioner on March 7. The DHS notice, dated March 8, 2025, states plainly that "[t]he [DHS] has placed an immigration detainer on you. An immigration detainer is a notice to a law enforcement agency that DHS intents to assume custody of you (after you otherwise would be released from custody) because there is probable cause that you are subject to removal . . . ." (Doc. 7-1, p. 3). Necessarily then, Petitioner was not in ICE custody on that date. Petitioner has provided documentation that suggests he was in DHS/ICE custody on March 14, 2025. A "DETAINEE UNIFORM ISSUANCE/PERSONAL PROPERTY FORM" for the Robert A. Deyton Detention Center is dated March 14, 2025. (*Id.*, p. 5). Petitioner was then transferred to Stewart Detention Center on March 17, 2025. (*Id.*, p. 6).

(Doc. 5). Petitioner filed a response in opposition to the motion to dismiss on September 5, 2025. (Doc. 7). This motion is ripe for review.

## DISCUSSION

Respondent moves the Court to dismiss Petitioner's habeas petition, arguing that his detention is governed by 8 U.S.C § 1231 and that any claim for relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) is premature.

Under § 1231(a), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This removal period begins on the latest of three triggering dates:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
>
> *Id.* at §§ 1231(a)(2)(B)(i)–(iii).

Detention during this 90-day "removal period" is mandatory. *Id.* at § 1231(a)(2)(A). This removal period shall be extended "and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* at § 1231(a)(1)(C). Detention may

4

continue beyond the 90-day period if it is "reasonably necessary" to effectuate removal. *Zadvydas*, 533 U.S. at 689; 8 U.S.C. § 1231(a)(6).

Although § 1231(a)(6) does not limit the length of post-final order detention, the Supreme Court of the United States determined in *Zadvydas* that detention for six months is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. Following this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable further, the Government must respond with evidence sufficient to rebut that showing." *Id.* The United States Court of Appeals for the Eleventh Circuit has explained that for an alien to state a claim under *Zadvydas*, he must show "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) 'evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)).

Respondent argues that Petitioner's Section 2241 petition should be dismissed as premature because Petitioner has not been detained for longer than six months as of the date of Petitioner's filing. Respondent contends that March 17, 2025, is the triggering date of the presumptively reasonable six-month removal period because that was the date Petitioner most recently entered ICE custody. (Doc. 5, p. 5). If this, or even March 14, 2025, is the applicable date, Petitioner's habeas action, filed on July 22, 2025, is approximately two months premature. In such a situation, Petitioner was still being

detained within the presumptively reasonable time frame under *Zadvydas*, and his petition should be dismissed without prejudice as premature.

Petitioner argues that he should be credited for his time in ICE custody from April 2018 to February 2020. (Doc. 1, p. 3). Although there is some support for this position in other districts, *see Salmon v. McAleenan*, No. 4:18-cv-01978-KOB-JHE, 2020 WL 2488090, at *2 n.2 (N.D. Ala. May 14, 2020), cases from this district suggest that the removal period did not begin until Petitioner returned to ICE custody on March 17, 2025. *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *4 (M.D. Ga. Mar. 14, 2018) ("A strong argument exists that the *Zadvydas* removal period did not even begin until . . . Petitioner was returned to ICE custody after serving his criminal prison sentence."); *see also M.K. v. Warden, Stewart Det. Ctr.*, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Oct. 19, 2023), report and recommendation adopted, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Dec. 1, 2023).

The petitioner in *M.K. v. Warden, Stewart Det. Ctr.* had a similar background as Petitioner in this case. In *M.K.*, the petitioner was in ICE custody for eight months in 2012 before he was released under an order of supervision. He did not return to ICE custody until May 2023. In recommending that the petitioner's application be dismissed as premature, the court noted, "Finding Petitioner's current detention presumptively unreasonable because of a period of detention occurring over eleven years ago would effectively eviscerate § 1231(a)'s purpose of allowing the Government time to arrange for

6

an alien's removal, including contacting foreign consulates and obtaining necessary travel documents." *Id.*

In this case, there is no need to divert from this district's precedent. Petitioner's order of removal became final on January 9, 2020, when he waived his appeal and was ordered removed. (Doc. 5-1, ¶ 13); *see* 8 C.F.R. § 1241.1(b). Petitioner was released from ICE custody on January 21, 2020, and was not taken back into custody until March 17, 2025. (Doc. 5-1, ¶¶14, 15). Petitioner then filed this Section 2241 petition on July 22, 2025—only four months later. (Doc. 1). Petitioner, as of the time of his petition, was still being detained within the presumptively reasonable six-month time frame under *Zadvydas*. *See Gozo*, 309 F. App'x at *2. Petitioner was in ICE custody for less than six months at the time of his filing, and Petitioner's argument that the Court should find his current detention presumptively unreasonable because of his period of detention over five years ago is not persuasive. As such, Petitioner's claim for relief is premature.[6]

Although Petitioner's detention has now passed the six-month presumptively reasonable time frame, and a Section 2241 petition filed today or tomorrow should not be dismissed as premature, the Eleventh Circuit has made clear that the "six-month period . . . must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052 (affirming "dismissal without

---

[6] Because Petitioner's Section 2241 petition is premature, the Court need not analyze whether he has shown there is not a significant likelihood of removal in the reasonably foreseeable future. Petitioner argues that he has met this burden because Cuba would not accept his removal previously and will not in the future. (Doc. 1, pp. 2, 4). Respondent did not address Petitioner's argument.

7

prejudicing [the petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted"). Petitioner is not prohibited filing a subsequent petition, but case law indicates no alternative to dismissing his current petition as premature.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 5) be **GRANTED** and Petitioner's application for habeas corpus relief (Doc. 1) be **DISMISSED as premature**. Because Petitioner's application should be dismissed, it is further **RECOMMENDED** that Petitioner's motions to appoint counsel (Doc. 1, p. 9) and proceed *in forma pauperis* (*Id.*, p. 12) be **DISMISSED as moot**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 10th day of October, 2025.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge